forth in the guidelines." 18 U.S.C. § 3553(a)(4). Thus, to implement section 924(e)(1) properly, sentencing courts must incorporate the Sentencing Guidelines into the ultimate sentence imposed.[5] Without a doubt, "[s]ection 5G1.3 is part of that sentencing regime." *Kiefer*, 20 F.3d at 876.

In order to harmonize the statutory mandatory minimum with the remainder of the sentencing scheme, we construe 18 U.S.C. § 924(e)(1) to require the court to credit Drake with time served in state prison. To hold otherwise would "frustrate the concurrent sentencing principles mandated by other statutes." *Id.* at 877.

For this reason, we conclude that the district court indeed was required to reduce Drake's mandatory minimum sentence for the time Drake served in Oregon prison. We thus vacate the sentence and remand for resentencing.

VACATED and REMANDED.

**OREGON NATURAL RESOURCES COUNCIL, INC., an Oregon non-profit corporation; Wendell Wood; Mark Gaffney, Plaintiffs–Appellants,**

v.

**BUREAU OF RECLAMATION; United States Department of Interior; Kirk Rodgers, in his capacity as Project Manager, Klamath Project Mid–Pacific Region, Bureau of Reclamation, United States Department of the Interior; Den-**

nis Underwood, in his capacity as Commissioner, Bureau of Reclamation, United States Department of the Interior; Manual Lujan, in his capacity as Secretary, United States Department of the Interior, Defendants–Appellees,

and

**Klamath Basin Water Users Protective Association and Tulelake Irrigation District, Intervenors.**

No. 93–35591.

United States Court of Appeals, Ninth Circuit.

April 4, 1995.

Before: BROWNING, KOZINSKI, and NOONAN, Circuit Judges.

**ORDER**

The per curiam opinion filed October 14, 1994, is withdrawn.

---

5. In contrast, when Congress intended that the statutory mandatory minimums not be affected by the requirements of concurrent sentencing, it made its intent quite clear. *See, e.g.,* 18 U.S.C. § 924(c)(1) ("Notwithstanding any other provision of law ... the term of imprisonment imposed under this subsection [shall not] run concurrently with any other term of imprisonment.").